**Ex parte Wilborn Winters VENABLE.**

**No. 43043.**

Court of Criminal Appeals of Texas.

June 17, 1970.

Rehearing Denied July 22, 1970.

Clayton E. Evans, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power, Grant Liser and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Alabama.

The state rested after introducing in evidence the Executive Warrant of the Governor of Texas which recites that it had been made known to him by the Governor of the State of Alabama "that Wilborn Winters Venable stands convicted of the crime of Grand Larceny before the proper authorities by conviction and judgment and thereafter escaped from lawful custody * * *" and that said fugitive had taken refuge in the State of Texas.

Appellant's counsel suggested that appellant's first name was Welborn, and for that reason objected to the introduction of the Governor's Warrant, stating "It does not reflect that this is the same man."

The court overruled the objection and the state rested.

Appellant then introduced the demand and supporting papers, and testified in his own behalf.

Appellant first contends that because of the variance in the spelling of his first name the warrant is irregular on its face and its introduction in evidence did not make a prima facie case authorizing extradition [1].

In the Governor's Warrant and in the requisition and supporting papers the first name of the defendant, prisoner or fugitive is spelled, "WILBORN."

Also, appellant testified that he was the same person who escaped from custody in the State of Alabama and that he was the same person sought in the Governor's Warrant.

He next contends that the court erred in denying relief because the Executive Authority did not authenticate a copy of a judgment of conviction or sentence as required by Art. 51.13, Sec. 3, Vernon's Ann. C.C.P., and further contends that the trial court erred in denying relief because there was not contained in the Alabama supporting papers a copy of a judgment of conviction or sentence, as required by said Art. 51.13, Sec. 3, supra.

While the demand of the State of Alabama refers only to an indictment and warrant of arrest, included in the attached supporting papers are copies of a judgment and sentence, complaint, warrant of arrest, indictment and an affidavit of the Governor of Alabama "That Wilborn Winters Venable stands convicted of the crime of Grand Larceny and did escape from lawful custody." A. F. Lee, Commissioner of the Board of Corrections of the State of Alabama, made affidavit that such copies were true, accurate and literal copies of the transcript of the minutes on file in the office of said Board. He further swore that

1. Ex parte Fant, Tex.Cr.App., 400 S.W. 2d 332; Ex parte Kronhaus, Tex.Cr. App., 410 S.W.2d 442; Ex parte Moore, Tex.Cr.App., 436 S.W.2d 901; 25 Tex. Jur.2d, Extradition, Sec. 31, pp. 182 and 183.

Wilborn Winters Venable named therein was a fugitive from justice from the State of Alabama.

The demand and supporting papers are not deemed sufficient to overcome the prima facie case made by the introduction of the Governor's Warrant "of the existence of every fact which the Texas Governor was obliged to determine before issuing the extradition warrant." [2]

The demand for extradition complies with Art. 51.13, Sec. 3, V.A.C.C.P. wherein it requires that the demand be accompanied by "a copy of a judgment of conviction *or* of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement * * *."

■ Lastly, appellant contends that the court erred in denying relief because the Alabama supporting papers show that appellant was illegally restrained of his liberty at the time he escaped from confinement as the time for expiration of the sentence imposed had passed at the time of such escape.

Appellant testified as a witness in his own behalf in part: He was convicted on April 17, 1967, in Jefferson County, Alabama, for the crime of Grand Larceny, at which time he "was on parole violation." His full name was Welborn Winters Venable and he was the same person of that name who escaped from custody in the State of Alabama, and who was arrested in Ft. Worth on the Governor's Warrant; that he was sentenced to a term of two years in April 1967 and it was not pronounced in open court that the sentence would not begin until January 1969. It

was his understanding that his sentence had expired and he left the penitentiary after his appeal to the Parole Board had been denied "* * * to seek legalities through the court and to have my claim heard and seek fair judgment. That is all I am asking for; fair judgment. The records of the court, the records of the Board of Corrections speak for themselves. * * *."

Asked "Were you under judgment and conviction of the crime of Grand Larceny at the time you escaped?" appellant answered: "I was being _____ on that sentence, Yes, Sir. My time had expired. * * * I was held illegally over and above my sentence."

Appellant also testified that he had never been out of the penitentiary from April 27, 1967, until he escaped and that his parole violation ran out on January 8th and he stayed in the penitentiary until he escaped in August 1969.

There is a recitation in the sworn petition of the Commissioner of the Alabama State Board of Corrections for requisition that the sentence of Wilborn Winters Venable for the crime of grand larceny on April 17, 1967, began January 8, 1969.

Whether appellant had served the sentence imposed for grand larceny as well as his parole violation and was therefore illegally restrained at the time he escaped from the Alabama Penitentiary is not for this court to decide.

If appellant is entitled to release from his imprisonment under Alabama law, the forum for such is in the courts, State and Federal, sitting in Alabama.

The judgment is affirmed.

2. Ex parte, Fant, supra; Ex parte Kronhaus, supra.