**Ex parte Phillip BAKER.**

No. 43883.

Court of Criminal Appeals of Texas.

April 14, 1971.

---

Fred Fick, Fort Worth, for appellant.

Frank Coffey, Dist.Atty., Ann Delugach, Roger Crampton, and John Garrett Hill, Asst.Dist.Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal in a habeas corpus proceeding where appellant was remanded to custody for extradition.

The record reflects that the governor issued an executive warrant directing that the petitioner be arrested and delivered to the State of Alabama, where he was charged with the offense of grand larceny.

The application for writ of habeas corpus was denied by Judge Byron Matthews of the Criminal District Court No. 1 of Tarrant County, Texas on September 21, 1970.

■ The appellant's first ground of error is that the trial court permitted the State to re-open its case to introduce evidence of the law of the demanding state after it had rested its case and after the court had received briefs from both sides.

The hearing was held on September 11, 1970. The court delayed its decision until after it had seen briefs from both parties. On September 21, 1970, after both sides had submitted the briefs, the State was allowed to re-open and introduce the necessary Alabama statutes into evidence.

In Ex parte Ponzi, 106 Tex.Cr.R. 58, 290 S.W. 170, this Court answered this same allegation as follows:

"Relator complains that we did not pay any attention to a bill of exceptions taken by him to the action of the trial court in permitting the respondent to introduce in evidence a part of the statutes of Massachusetts, after both sides had closed the introduction of testimony. It is the universal holding of this court that in habeas corpus matters we are not governed by ordinary rules or forms of trial. The matters involved are before the court, and we conceive it proper for the court to obtain and have before him all the light possible before he rules upon the question involved in the application for habeas corpus. We would have to be convinced that the trial court had permitted one side to introduce some evidence, and had then refused the opposite side the opportunity to introduce its evidence upon the same question, be-

fore we would consider such complaint of the manner of the trial."

Thus, the court did not err in admitting this evidence.

Appellant's first ground of error is overruled.

The appellant's second ground of error is that he should not have been remanded to the demanding state because (1) "The verification of the prosecuting attorney's application is insufficient" because it is based on "information and belief," and (2) "The accusatory pleading is insufficient to support extradition because it does not show that the offense occurred within the period of limitations."

A copy of the Alabama indictment was introduced into evidence. The facts of this case are almost identical to the facts in Ex parte Evans, Tex.Cr.App., 411 S.W. 2d 367. There is an affidavit of the Alabama district attorney which supports his petition to the Governor of Alabama under Section 3 of the Uniform Criminal Extradition Act. It does not support an information or purport to charge the appellant with a crime in lieu of an indictment. See: Ex parte Evans, supra; Article 51.13, Sec. 3, Vernon's Ann.C.C.P. It was the indictment which was introduced into evidence, that formed the basis of the extradition proceedings.

The Alabama indictment, omitting the formal parts, was as follows:

"The Grand Jury of said County charge that before the finding of this Indictment, Phillip Lee Baker alias Phillip Baker alias Curtis Bell, whose name is to the Grand Jury otherwise unknown, feloniously took and carried away two large heavy-duty truck radiators, one roll of copper wire, three diesel-motor starters, two generators, and two electric motors, the personal property of C. L. Adams, of the aggregate value of, to-wit, $500.00,"

In his affidavit, the Alabama district attorney states: (1) A large amount of merchandise was stolen from the business premises of C. L. Adams of Andalusia, Alabama; (2) Two radiators, which were a part of this merchandise, were sold by the Petitioner to James H. (Pete) Green on June 4, 1969; (3) Warrant was issued, the Petitioner was arrested, and the merchandise was recovered that same day; (4) On June 14, Petitioner was released on bond, and; (5) The indictment was returned on August 6, 1969.

■ Sec. 23, subd. 1 of the Uniform Criminal Extradition Act, (Art. 51.13, V. A.C.C.P.) adopted in both Texas and Alabama, provides as follows:

"Sec. 23.1 When the return to this State of a person charged with crime in this State is required, the State's attorney shall present to the Governor his written motion for a requisition for the return of the person charged, in which motion shall be stated the name of the person so charged, the crimes charged against him, the approximate time, place and circumstances of its commission, the State in which he is believed to be, including the location of the accused therein at the time the motion is made and certifying that, in the opinion of the said State's attorney the ends of justice require the arrest and return of the accused to this State for trial and that the proceeding is not instituted to enforce a private claim."

Thus, it is necessary under this act to allege in the affidavit the time and place of the commission of the offense. See: 25 Tex.Jur.2d 144, Sec. 16.

However, the sufficiency of this affidavit is primarily for the governor of the demanding state to determine.

Art. 51.13, Sec. 3, V.A.C.C.P., provides in part as follows:

"Sec. 3. No demand for the extradition of a person charged with crime in another State shall be recognized by

the Governor unless in writing, alleging, except in cases arising under Section 6, that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State, and accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that State; * * *."

◼ Thus, the following is what is required for the courts of this State to order extradition:

(1) That the demand alleges that the accused was present in the demanding state at the time of the commission of the alleged crime, except in cases arising under Sec. 61. (This was complied with.)

(2) The demand alleges that thereafter he fled from the state. (This was complied with.)

(3) The demand is accompanied by a copy of one of the following:

  a. An indictment

  b. Information supported by affidavit

  c. Copy of warrant and affidavit before a magistrate

  d. Copy of judgment, sentence, or conviction

◼ Although the Alabama indictment would be improper in Texas, it was shown to be valid under Alabama law.

◼ The demand of the Governor of Alabama for the extradition of the petitioner, under the Uniform Criminal Extradition Act, is in all respects proper, and whether the offense occurred within the period of limitations is a matter for the Alabama courts to determine. See: Ex parte Krarup, Tex.Cr.App., 422 S.W.2d 173; Ex parte Young, Tex.Cr.App., 397 S.W.2d 74.

Appellant's second ground of error is overruled.

There being no reversible error, the judgment is affirmed.