Clifford D. NOE, Appellant,

v.

The STATE of Texas, Appellee.

No. 214–83.

Court of Criminal Appeals of Texas,
En Banc.

June 8, 1983.

Anthony J. Blazi, San Antonio, for appellant.

Bill M. White, Dist. Atty., H. Wayne Campbell, Edward J. Coffey and James L. Bruner, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

ODOM, Judge.

This is an extradition proceeding. The Court of Appeals denied relief. We grant-

ed appellant's petition for discretionary review in order to consider the grounds of error concerning the sufficiency of the Governor's warrant and the demand and supporting papers from Mississippi.

Art. 51.13, V.A.C.C.P., governs extradition. Section 3 relates to the form of the demand for extradition received from another state. Section 7 addresses the Governor's warrant.

In his two arguments attacking the sufficiency of the demand appellant asserts it does not recite appellant was present in the demanding state at the time of the offense, and it does not state appellant has escaped from confinement or broken the term of his bail, probation or parole. A reading of Section 3 demonstrates that appellant's first argument concerns a requirement of the demand, while his second argument concerns what instruments must accompany the demand:

"No demand for the extradition of a person charged with crime in another State shall be recognized by the Governor unless in writing, alleging, except in cases arising under Section 6, that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State, and accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that State; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the Executive Authority making the demand; provided, however, that all such copies of the aforesaid instruments shall be in duplicate, one complete set of such instruments to be delivered to the defendant or to his attorney."

■ The demand must allege the accused was present in the demanding state at the time of the offense (except in cases arising under Section 6, which does not apply here). The demand here recites that appellant "stands convicted with the crime of forgery . . . committed in . . . this State." This is sufficient to allege appellant's presence in that state at the time of the offense.

■ The statutory requirements for the accompanying instruments are *disjunctive*. It is not necessary that all listed instruments accompany the demand. See *Ex parte Baker,* 465 S.W.2d 379 (Tex.Cr.App. 1971); *Ex parte Venable,* 456 S.W.2d 86 (Tex.Cr.App.1970). The demand in this case was accompanied by the indictment. This satisfied the letter of the statute.[1]

■ Section 7 of the act states that the warrant "must substantially recite the facts necessary to the validity of its issuance." This does not mean the warrant must recite all the requirements of Section 3 for the form of a demand. *Ex parte Ransom,* 470

---

1. To the extent that appellant may be asserting that after conviction no extradition is permitted unless there has been an escape or violation of the terms of bail, probation or parole, we point out that the express provision of Section 5 was designed to eliminate any such misperception of the scope of extradition authority. It authorizes extradition "even though such person left the demanding state involuntarily." According to the Commissioner's Note, "The reason for the second paragraph of this section [5] lies in the fact that there is a conflict in the decisions upon the question of whether a person who has been removed from a state under the compulsion of the authority of that state can be classed as a 'fugitive' from that state so that his return can be secured through extradition proceedings." 11 Uniform Laws Annotated, Master Edition 160. The fact that appellant after his conviction was surrendered by Mississippi to federal authorities to complete a federal sentence does not defeat the extradition demand for his return to now serve the Mississippi sentence.

S.W.2d 692 (Tex.Cr.App.1971). Appellant attacks the warrant (1) for failure to allege he escaped or broke the terms of his bail, probation or parole, and (2) for failure to adequately state an offense.

 The first challenge to the warrant is without merit for the reasons stated above at footnote 1 and accompanying text. The second challenge is also without merit, in that the warrant states appellant "stands convicted of the crime of forgery." *Ex parte Medina,* 417 S.W.2d 409 (Tex.Cr.App. 1967), upon which appellant relies is clearly distinguishable. In that case the warrant neglected to name any offense, having left that blank in the warrant empty.

The grounds of error are overruled.

The judgment of the Court of Appeals is affirmed.

McCORMICK and CAMPBELL, JJ., concur in the result.

CLINTON, J., dissents.

TEAGUE, Judge, dissenting.

I must respectfully dissent.

The facts of this case are undisputed. While serving a sentence in a Federal penitentiary in Arkansas, appellant was released to Mississippi authorities to stand trial for an offense committed in that State. After trial and conviction, appellant was returned to the Federal penitentiary. Mississippi authorities took no further action against appellant. After completing his Federal sentence, appellant was released and eventually got situated in San Antonio. Subsequently, the Mississippi authorities moved to have appellant extradited from Texas to Mississippi. The majority sustains the request of the Mississippi authorities.

The majority alludes to Sec. 5 of Art. 51.13, V.A.C.C.P., as its authority for upholding the order of extradition. A cursory glance at Section 5 quickly shows that it incorporates Section 23 of the Act, and a reading of Section 23 will quickly reveal that it does not provide a basis for extraditing a person such as appellant to a foreign state under the circumstances of this case.

Section 5 appears to apply to persons who have been previously extradited from the requesting state to the receiving state. Appellant was released to the Federal authorities, not the State of Texas.

Finding no basis for such extradition in our law, I respectfully dissent to the action of the majority in ordering appellant extradited to Mississippi. Also see *Shields v. Beto,* 370 F.2d 1003 (5th Cir.1967).

MILLER, J., joins.