**Michael Charles ORMSBY, a/k/a Larry Koons, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–85–038–CR.**

Court of Appeals of Texas, Corpus Christi.

Sept. 12, 1985.

Discretionary Review Refused Oct. 30, 1985.

Donald Dailey, Jr., Corpus Christi, for appellant.

Grant Jones, Dist. Attorney's Office, Corpus Christi, for appellee.

Before SEERDEN and KENNEDY, JJ.

OPINION

SEERDEN, Justice.

Appellant appeals the trial court's order denying his petition for writ of habeas corpus and granting the Extradition Warrant of the Texas Governor for the transfer of appellant to Michigan.

In his sole ground of error, appellant contends that supporting papers for the governor's warrant are insufficient as a matter of law because they fail to show that appellant escaped from confinement or broke a condition of bail, probation or parole.

While our examination of the record confirms that the language mentioned by appellant is not contained in the papers, we fail to find them necessary in this case. TEX. CODE CRIM. PROC. ANN. art. 51.-13, § 3 (Vernon 1981) governs the form of the demand for extradition which is required before such demand can be recognized by the Texas Governor.

A clear reading of such rule shows that it contemplates two types of situations. The first situation is where the accused has not been convicted of the crime but has

fled the state, and the second where a judgment of conviction or sentence has been imposed and the person convicted has fled. In the first situation, there is no necessity to include the language referred to by appellant. In fact, to require such language under this circumstance would be ludicrous.

The governor's warrant is valid. *Noe v. State*, 654 S.W.2d 701 (Tex.Crim.App.1983). The judgment of the trial court is AFFIRMED.