Gilbert Joel SAENZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–85–328–CR.

Court of Appeals of Texas, Corpus Christi.

Oct. 31, 1985.

Richard Langlois, San Antonio, for appellant.

Sam D. Millsap, Jr., Bexar County Atty., San Antonio, for appellee.

Before NYE, C.J. and SEERDEN and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

Gilbert Joel Saenz appeals the denial of his application for a writ of habeas corpus. We affirm the judgment of the district court and its order extraditing appellant to California.

Appellant was convicted in California of robbery. He escaped from prison there and fled to Texas. The Governor of California demanded his extradition pursuant to the Uniform Criminal Extradition Act. This act has been adopted in Texas. TEX. CODE CRIM.PROC.ANN. art. 51.13 (Vernon 1979). Respecting the demand from California, the Governor of Texas issued a warrant, and appellant was arrested. To gain release from jail, and to prevent his extradition, appellant applied to the district court for the writ of habeas corpus which is the subject matter of this appeal.

■ First, appellant contends that his arrest was unlawful since the California authorities seeking his extradition did not comply with Section 23(2) of Article 51.13. The California authorities need not comply with this provision. Section 23(2) of Article 51.13 concerns returns of escaped felons to

Texas for crimes committed in Texas; it does not apply to appellant's situation. Rather, Article 51.13 § 3 establishes the proper procedure which must be followed by a sister State when making demand on the Governor of Texas for extradition of an escaped criminal found in this State. *See Ex parte Mason,* 656 S.W.2d 470, 471 (Tex. Crim.App.1983); *Ex parte Baker,* 465 S.W.2d 379, 381 (Tex.Crim.App.1971).

■ For extradition to be proper, the demand must: (1) allege that appellant was present in California at the time of the commission of the alleged crime; (2) allege that appellant thereafter fled from California; and (3) be accompanied by a copy of at least one of several required documents (here, an information supported by affidavit, which is authenticated by the Governor of California). *See* Article 51.13 § 3; *Ex parte Baker,* 465 S.W.2d at 382. The Governor's certification that the information was authentic satisfied the statute. *Ex parte Reagan,* 549 S.W.2d 204, 205 (Tex. Crim.App.1977). All the other necessary elements were also present in the papers which accompanied the demand for extradition.

Since the demand for extradition met all of these statutory requirements, appellant's first ground of error is overruled.

Appellant's second ground of error involves an apparent transposition of dates in the "Application for Requisition" which California authorities presented to their Governor to prompt him to demand appellant's extradition from Texas. That document alleged:

On May 15, 1983, Mr. Saenz was transferred to the Mission Re-entry Facility, Pomona, California. On April 8, 1983, Mr. Saenz was discovered missing from the facility without authorization and was charged as an escapee.

■ Appellant points out it was impossible for him to have escaped from the Mission Re-entry Facility on April 8, 1983 if he was not admitted there until May 15 of that year. The Application for Requisition also contains another, similar variance in dates.

Appellant urges this Court to hold that these variances render the Texas Governor's Warrant for his arrest defective and void.

We reject appellant's contention. The Court of Criminal Appeals has held in related cases that problems with the papers used to support another State's demand for extradition are to be resolved by the courts of that State. *See Ex parte Rosenthal*, 515 S.W.2d 114, 119 (Tex.Crim.App.1974) ("The sufficiency of the indictment, information or affidavit as a criminal pleading is not at issue in the asylum state."); *Ex parte Bowman*, 480 S.W.2d 675, 676–77 (Tex.Crim.App.1972) (variances involving the date of the offense are to be left to the courts of the demanding state); *Ex parte Bradley*, 456 S.W.2d 370, 371 (Tex.Crim. App.1970) (typographical error as to date of alleged offense in application for requisition did not defeat Governor's Warrant).

It is well settled in Texas, as well as elsewhere, that the introduction of a Governor's Warrant, regular on its face, makes out a prima facie case for extradition. *Hyatt v. New York ex rel. Corkran*, 188 U.S. 691, 23 S.Ct. 456, 47 L.Ed. 657 (1903); *Bazaldua v. Hanrahan*, 92 N.M. 596, 592 P.2d 512, 514 (1979); *State ex rel. Gottschalk v. Brown*, 237 N.Y. 483, 143 N.E. 653, 654 (N.Y.1924); *Ex parte Nelson*, 594 S.W.2d 67, 67–68 (Tex.Crim.App.1979); *Ex parte Blankenship*, 651 S.W.2d 430, 431 (Tex.App.—Dallas 1983, pet. ref'd).

We find that the warrant issued by the Governor of Texas is regular on its face, as is the California Governor's demand for extradition. Appellant has failed to rebut the presumption of regularity. The judgment remanding him to the custody of California officials is affirmed.