**Ex parte Roy John GERINGER, Appellant.**

**No. 01–88–011–39–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 7, 1989.

Before O'CONNOR, WARREN and COHEN, JJ.

## OPINION

O'CONNOR, Justice.

This is an extradition case. Roy John Geringer appeals from the trial court's order denying his discharge from custody under a writ of habeas corpus.

In response to a requisition from the governor of Arizona, the governor of Texas issued a warrant for appellant's arrest. After appellant was arrested by authority of the governor's warrant, appellant filed an application for writ of habeas corpus. The court granted the writ, and conducted a hearing. The court denied the relief sought, and remanded appellant to custody for removal to Arizona. We affirm.

At the habeas corpus hearing, the State introduced the Texas governor's warrant with supporting documentation. Appellant offered three witnesses, including himself, to prove he was not in Arizona at the time of the felony described in the Arizona warrant. The State objected to this testimony because the

> presence or absence in the demanding state should be an issue reserved for trial on the merits in Arizona and should not be an issue tried by [the habeas corpus] court.

The court sustained the objection, and appellant preserved the testimony in a bill of exceptions.

In his sole point of error, appellant asserts the trial court erred in sustaining the State's objection to testimony concerning appellant's presence in the demanding state. Appellant does not deny he is the person named in the governor's warrant. Appellant claims the court denied him due process of law because it permitted the State to present a prima facie case for extradition, yet denied him the opportunity to rebut that prima facie evidence.

The Texas Code of Criminal Procedure does not require the asylum state to prove that the person wanted by the demanding state was present in the demanding state

Connie B. Williams, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alan Curry, and Bill Delmore Asst. Dist. Attys., Houston, for appellee.

when the crime occurred. Tex.Code Crim. P.Ann. art. 51.13, § 3 (Vernon 1979). Article 51.13, § 3 requires only that the written requisition from the executive authority of the demanding state *allege* such fact.[1] The truth of the allegations is reserved for determination by the courts of the demanding state. *Rayburn v. State*, 748 S.W.2d 285, 289 (Tex.App.—Tyler 1988, no pet.).

■ The sole purpose of a habeas corpus review of an extradition proceeding is to test the legality of the proceedings; it is not to inquire into the validity of the prosecution or confinement in the demanding state. 1 M. Teague, *Texas Criminal Practice Guide* § 13.06 (1989). A petitioner for habeas corpus relief is allowed to rebut the State's prima facie extradition evidence, but only in limited circumstances. *See Michigan v. Doran*, 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978). In reviewing the legality of the arrest under the governor's warrant, a court in the asylum state may consider only the following issues:

1. Are the extradition documents valid on their face?
2. Has petitioner been charged with a crime in the demanding state?
3. Is petitioner the person named in the request for extradition?
4. Is petitioner a fugitive? [2]

*Id.*

The Tyler Court of Appeals applied *Doran* in *Rayburn v. State*, 748 S.W.2d 285. Rayburn filed a writ of habeas corpus, asserting the prosecutor in Texas did not establish he was in Colorado at the time of the offense. In denying Rayburn relief, the Tyler court said if the demanding state alleged the accused was present in the state at the time of the offense, and if the requisition was sufficient in every other way, the governor of the asylum state

must issue the executive warrant. *Rayburn*, 748 S.W.2d at 289. The habeas corpus court in the asylum state may not make any factual inquiry as to the truth of the allegations in the requisitions. *Id.*

■ We concur with *Rayburn* and find it applicable in the present case. We hold that evidence offered by the accused in his bill of exceptions, about his presence in Texas on the date of the offense charged against him in Arizona, was not admissible in the habeas corpus hearing. Such evidence is an alibi defense, and is relevant to the issue of the accused's guilt. Alibi, as all other defensive issues, must be tried in a court of the demanding state in a trial on the merits. Only those issues outlined in *Doran*, 439 U.S. at 289, 99 S.Ct. at 535, may be tried by the habeas corpus court in the asylum state.

Appellant cites *Ex parte Trisler*, 605 S.W.2d 619 (Tex.Crim.App.1980), to support his contention that the court should have permitted him to introduce evidence that he was in Texas, not Arizona, the day the crime was committed. Appellant claims *Trisler* permits a defendant to contradict allegations that he was in the demanding state on the date the crime was committed.

The *Trisler* court relied on an earlier opinion that pre-dated the *Doran* decision. In *Trisler*, the court overruled defendant's challenge that he was not in the demanding state on the date of the crime. Appellant is correct in noting that the *Trisler* court overruled the point because, it said, defendant did not produce evidence to rebut the State's prima facie case. *Id.* at 620.

■ We do not believe *Trisler* holds that a defendant can challenge the allegation he was in the demanding state on the date of the offense. If, however, we were to as-

---

1. Article 51.13, § 3 states:

   No demand for the extradition of a person charged with [a] crime in another State shall be recognized by the Governor unless in writing, alleging, ... that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State, ...

2. Teague states this fourth element as: Was the accused in the demanding state at the time the crime was committed? *Texas Criminal Practice Guide* at § 13.06[4][d]. This is the exact issue before us. All the cases cited in Teague pre-date *Doran*, except *Noe v. State*, 654 S.W.2d 701, 702 (Tex.Crim.App.1983), cited in the supplement to § 13.06[4][d] (1989, April Supp.). Our decision here is not in conflict with *Noe*.

sume that *Trisler* so holds, we would still affirm.

The Arizona requisition stated appellant committed the crime "on or between the 8th day of January, 1988 and the 13th day of January, 1988, while he was physically present in Maricopa County, Arizona." Appellant testified he was in Texas from January 8 through January 13, 1988. Additionally, he offered the testimony of two witnesses. Appellant's supervisor testified appellant worked the evening shift at the plant from January 9 through January 12, that is, until 6 a.m. on January 13. Appellant was off work the four days before January 9. The supervisor had his log book in the courtroom to verify appellant's work schedule. The log was not introduced as part of the bill. Appellant's neighbor testified he remembered seeing appellant on the evening of January 8, 1988.

Even if this testimony were admissible to challenge the allegation appellant was in Arizona on the date of the crime, we would not feel compelled to sustain appellant's point. Appellant was the only witness who testified he was in Texas at all times from January 8 through January 13. Testimony of the appellant, alone, is insufficient to require a finding he was not in the demanding state at the time the offense was committed. *Ex parte Jackson*, 470 S.W.2d 679, 682 (Tex.Crim.App.1971). The evidence of the other two witnesses does not preclude the possibility appellant traveled to Arizona and back on any of the dates stated in the requisition.

Accordingly, we affirm the trial court's denial of habeas corpus relief.