Affirmed and Memorandum Opinion filed April 26, 2005









Affirmed and Memorandum Opinion filed April 26, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01208-CR

____________

 

LEOPOLDO L.
SALINAS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause No. 1007668

 



 

M E M O R A N D U M  O P I N I O N

Appellant, Leopoldo L. Salinas, was
charged in the State of Mississippi with conspiracy to commit a crime, to
wit:  transfer of a controlled
substance.  Based on an application for
requisition by the governor of Mississippi, Texas Governor Rick Perry signed a
governor=s warrant for
appellant=s arrest and extradition.  Appellant filed an application for a writ of
habeas corpus.  On December 7, 2004,
after a hearing, the trial court denied appellant=s application and
remanded him for extradition.  Appellant
appeals from the trial court=s denial of his
application.  We affirm.  








After the governor=s warrant and
supporting documentation were admitted into evidence at the hearing, appellant
attempted to call witnesses to testify that he was in Houston on the date the
charged offense was committed, not Mississippi. 
The trial court sustained the State=s objection to
that testimony.  In his sole issue on
appeal, appellant complains that the trial court erred in excluding witness
testimony that he was in Houston on the date he was alleged to have committed
the offense.  

A governor=s grant of
extradition is prima facie evidence that the constitutional and statutory
requirements for extradition have been satisfied.  Michigan v. Doran, 439 U.S. 282, 289
(1978); State ex rel. Holmes v. Klevenhagen, 819 S.W.2d 539, 542 (Tex.
Crim. App. 1991).  The purpose of the
writ of habeas corpus is to test the legality of the extradition proceedings,
not to inquire into the viability of the prosecution or confinement in the
demanding state.  Lott v. State,
864 S.W.2d 152, 153 (Tex. App.CHouston [14th
Dist.] 1993, pet. ref=d). 
Thus, once the governor of Texas granted extradition, the trial court,
in considering appellant=s application, was limited to deciding the
following issues:  (1) whether the
extradition documents were valid; (2) whether appellant was charged with a
crime in the demanding state; (3) whether appellant was the person named in the
request for extradition; and (4) whether appellant was a fugitive.  Doran, 439 U.S. at 289.  








Article 51.13 of the Texas Code of
Criminal Procedure requires that the written requisition from the governor of
the demanding state allege that the accused was present in that state at the
time of the commission of the offense alleged, but does not require proof that
the accused was in the demanding state at the time of the alleged offense.  Ex parte Geringer, 778 S.W.2d 132, 133B34 (Tex. App.CHouston [1st
Dist.] 1989, no pet.) (citing Tex. Code
Crim. P. Ann. art. 51.13, ' 3 (Vernon 1979));
Rayburn v. State ,748 S.W.2d 285, 289 (Tex. App.CTyler 1988, no
pet.).  Evidence of the accused=s whereabouts on
the date of the offense is relevant only to the issue of guilt or innocenceCan issue reserved
for the courts of the demanding state, and, therefore, is not admissible in a
habeas corpus hearing in the asylum state. 
Geringer, 778 S.W.2d at 134; Rayburn, 748 S.W.2d at 289; see
also California v. Superior Court 482, U.S. 400, 407 (1987) (A[E]xtradition
proceedings are >to be kept within narrow bounds=; they are >emphatically= not the
appropriate time or place for entertaining defenses or determining the guilt or
innocence of the charged party. . . . Those inquiries are left to the
prosecutorial authority and courts of the demanding State, . . . .@) (citations
omitted).  Evidence that appellant was
not in Mississippi at the time of the charged offense was not admissible in his
habeas corpus proceeding.  Therefore, the
trial court did not err in sustaining the State=s objection and
excluding the testimony.  Appellant=s sole issue is
overruled.  

Accordingly, we affirm the trial court=s judgment denying
appellant=s application for a writ of habeas
corpus.  

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed April 26, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).