

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00019-CR

_____

EX PARTE:
CARLTON GREEN

On Appeal from the County Court at Law II
Gregg County, Texas
Trial Court No. 1531-H

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Carlton Green appeals the trial court's denial of his application for writ of habeas corpus in an underlying extradition proceeding. For the reasons set forth below, we affirm the trial court's judgment.[1]

The record before us shows Green stands charged by information with five different misdemeanor and felony offenses in DeSoto Parish, Louisiana. Shortly after his recent arrest in Gregg County, Texas, police learned Green was wanted by Louisiana as a fugitive regarding those out-of-state charges. Pursuant to the Uniform Criminal Extradition Act, *see generally* TEX. CODE CRIM. PROC. ANN. art. 51.13 (Vernon 2006), Texas and Louisiana officials began coordinating their efforts to return Green to Louisiana to face those out-of-state charges.

Green subsequently filed an application for writ of habeas corpus to challenge these extradition efforts. *See* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 10. The trial court conducted a hearing on Green's habeas application and, after receiving evidence and considering the arguments of attorneys for Green and the State of Texas, denied Green's habeas application and approved Green's extradition. Green now appeals.

---

[1]Because Texas law generally requires judicial review of extradition proceedings be accomplished within an extremely short time period, we will suspend the Texas Rules of Appellate Procedure requiring a twenty-one day submission of the case before issuance of our opinion and, without necessity of a State's brief, consider the issues raised and issue our opinion in this case. *See* TEX. R. APP. P. 2 (authority of appellate court to suspend appellate rules on court's own motion); TEX. R. APP. P. 39.9 (twenty-one-day notice to parties in advance of submission).

The sole purpose of habeas corpus review of an extradition proceeding "is to test the legality of the extradition proceedings." *Ex parte Geringer*, 778 S.W.2d 132, 134 (Tex. App.—Houston [1st Dist.] 1989, no pet.).

> No demand for the extradition of a person charged with crime in another State shall be recognized by the Governor unless in writing, alleging . . . that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State, and accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that State . . . .

TEX. CODE CRIM. PROC. ANN. art. 51.13, § 3. Only four issues may be properly raised in connection with a habeas challenge to an extradition proceeding: (1) whether the extradition documents are in order, (2) whether the applicant has been charged with a crime in the demanding state, (3) whether the applicant is the same person named in the extradition request, and (4) whether the applicant is a fugitive. *State ex rel. Holmes v. Klevenhagen*, 819 S.W.2d 539 (Tex. Crim. App. 1991) (citing *Michigan v. Doran*, 439 U.S. 282 (1978)).

On appeal to this Court, Green raises four issues. First, he contends the evidence in this case fails to affirmatively demonstrate the person in the Gregg County Jail identified as Carlton James Green is the same Carlton J. Green wanted by the State of Louisiana. Second, he argues the

3

governor's warrant is not signed. Third, he asserts the letters from the DeSoto Parish, Louisiana, District Clerk's office are unsigned, and this lack of signatures is fatal. And, finally, Green complains the record fails to identify the presiding judge of the Eleventh Judicial District Court of DeSoto Parish, Louisiana, and that such failure should be fatal to these extradition proceedings.

With respect to Green's first issue, at a bond hearing, the same trial court heard testimony from Green himself that he had previously been in custody in DeSoto Parish, Louisiana, on the very charges for which the State of Louisiana now seeks to have him extradited. Green's own testimony thus affirmatively refutes his contention that the record fails to show he is the same Carlton J. Green wanted by the State of Louisiana on the underlying criminal charges. Next, we have reviewed the governors' warrants admitted into evidence; both the Texas and the Louisiana governors' warrants are signed by the chief executive officers of those states. Next, Article 51.13 of the Texas Code of Criminal Procedure does not require that a mere letter that accompanies documents from foreign states be signed; what matters is that the documents actually required by the Uniform Criminal Extradition Act be signed—and in this case, all the necessary documents appear to bear the appropriate signatures by the proper state officials. And, finally, we find nothing in Article 51.13 that mandates discrete identification of the current presiding judge of a foreign state's trial court.

4

For these reasons, we conclude Green's issues are unsupported by law or fact in this case, and we, therefore, affirm the trial court's judgment.

Jack Carter
Justice

Date Submitted: March 27, 2008
Date Decided: March 28, 2008

Do Not Publish