COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-09-00259-CR |
| | § | |
| | § | Appeal from the |
| EX PARTE | § | |
| | § | 384th District Court |
| HUMBERTO CAMARILLO. | § | |
| | § | of El Paso County, Texas |
| | § | |
| | § | (TC# 20090D04091) |
| | § | |

**O P I N I O N**

In his sole issue, Appellant complains that the trial court erred in denying his requested habeas-corpus relief from the enforcement of an interstate extradition warrant. We affirm the trial court's order.

**BACKGROUND**

A New Mexico grand jury had indicted Appellant for burglary of a vehicle, larceny of a firearm, larceny over $500, and possession of a firearm by a felon, and the State of New Mexico sought to extradite Appellant to face those charges. At the request of New Mexico Governor Bill Richardson, and pursuant to article 51.13, section 2 of the Texas Code of Criminal Procedure, Governor Rick Perry issued a warrant for Appellant's arrest and Appellant filed an application for writ of habeas corpus seeking to challenge the issuance of the warrant. TEX. CODE CRIM. PROC. ANN. art. 51.13, § 2 (Vernon 2006).

At the habeas-corpus hearing, Governor Perry's warrant and supporting papers, including the New Mexico request, indictment, photographs, and fingerprints, were admitted into evidence without objection. On cross-examination, Appellant's counsel elicited evidence that a booking photograph

and fingerprint card that were offered in support of Governor Richardson's request were not from New Mexico as recited but were, instead, from the El Paso Police Department and were dated October 22, 1990, and February 13, 1997, respectively. In his argument to the trial court, Appellant stated that the supporting documents that were admitted into evidence did not meet the requirements of article 51.13 as the arrest data came from El Paso, Texas, rather than New Mexico. TEX. CODE CRIM. PROC. ANN. art. 51.13, § 2 (Vernon 2006). Appellant also complained that there was no evidence that he had been in New Mexico, the demanding State, when the crimes were allegedly committed.

In response, the State conceded that Governor Richardson's extradition request contained typographical errors when it said that booking photos and fingerprints were from Dona Ana County, New Mexico, as they had, in fact, been submitted by the State of Texas to the State of New Mexico for the purpose of identifying Appellant. The State explained that Appellant had never been arrested in New Mexico, and the State of New Mexico did not have fingerprints and photographs of Appellant. The requisition packet also contained another photograph of Appellant which had been shown to the complaining witness in New Mexico who thereafter identified Appellant as the person who had committed the charged offenses. The complaining witness's affidavit containing her identification of Appellant's photograph had been made a part of the complaining witness's affidavit which had been submitted, along with other documents, by Governor Richardson in support of his extradition request.

At no time during any of the proceedings did Appellant deny under oath that he was the person named in the governor's warrant. Nor did Appellant present evidence demonstrating that he was not in the State of New Mexico at or about the time the charged offenses were committed. The trial court denied Appellant's application for writ of habeas corpus and this appeal followed.

**DISCUSSION**

Appellant asserts that the trial court erred when it denied his requested habeas-corpus relief because the evidence failed to show (1) that Appellant is the same person named in the extradition papers and (2) that Appellant was in the demanding state, New Mexico, at the time the alleged offense was committed. We disagree.

*Standard of Review*

We review a trial court's ruling on a writ of habeas corpus under an abuse of discretion standard. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). Appellant must prove entitlement relief by a preponderance of the evidence. *Id.* We review the evidence presented in the light most favorable to the trial court's ruling. *Id.*

Interstate extradition is intended to be a summary and mandatory executive proceeding derived from the United States Constitution. *Ex parte Potter*, 21 S.W.3d 290, 294 (Tex. Crim. App. 2000), *citing Michigan v. Doran*, 439 U.S. 282, 288, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978); *Ex parte Lekavich*, 145 S.W.3d 699, 700-01 (Tex. App. – Fort Worth 2004, no pet.); *Ex parte Hearing*, 125 S.W.3d 778, 781 (Tex. App. – Texarkana 2004, no pet.). When a governor has granted interstate extradition, a trial court entertaining an application for writ of habeas corpus may decide only four issues: (1) whether the extradition documents are facially in order; (2) whether the applicant has been charged with a crime in the demanding state; (3) whether the applicant is the person named in the demand for extradition; and (4) whether the applicant is a fugitive. *Ex parte Potter*, 21 S.W.3d at 294, *citing Doran*, 439 U.S. at 289. The accused may also raise issues relating to his mental competency to consult with counsel. *Id*. at 294-95.

A governor's warrant which is regular on its face is sufficient to make a *prima facie* case authorizing extradition. *Doran*, 439 U.S. at 289; *Ex parte Kronhaus*, 410 S.W.2d 442, 443 (Tex.

Crim. App. 1967); *Ex parte Rodriguez*, 943 S.W.2d 97, 99 (Tex. App. – Corpus Christi 1997, no pet.). After a *prima facie* showing of regularity has been made, the applicant bears the burden to show that the governor's warrant was not legally issued or was issued on improper authority, or that the recitals in the governor's warrant are inaccurate. *Ex parte Cain*, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980); *Ex parte Rodriguez*, 943 S.W.2d at 99.

Section 3 of article 51.13 of the Code of Criminal Procedure requires that the extradition request from the demanding state be accompanied by either (1) a copy of an indictment, (2) an information supported by an affidavit, (3) an affidavit made before a magistrate together with a warrant, or (4) a copy of a judgment of conviction or sentence together with a statement the person has escaped from confinement or broken the terms of his bail, probation, or parole. TEX. CODE CRIM. PROC. ANN. art. 51.13, § 3 (Vernon 2006). Each of these instruments serves the purpose of demonstrating that the person whose surrender is sought was charged in the regular course of the judicial proceedings of the demanding state. *Ex parte Rosenthal*, 515 S.W.2d 114, 119 (Tex. Crim. App. 1974); *Ex parte Rodriguez*, 943 S.W.2d at 99. The supporting documents enumerated in article 51.13, section 3 have been recognized as being disjunctive, meaning only one of the supporting documents enumerated in the statute must accompany the governor's warrant. *Noe v. State*, 654 S.W.2d 701, 702 (Tex. Crim. App. 1983).

*Analysis*

Appellant acknowledges that the governor's warrant is regular on its face and makes out a *prima facie* case that the requirements for extradition were met. Because a *prima facie* case for extradition was made, the burden shifted to Appellant to overcome the facts that the governor was obliged to determine before the extradition warrant was issued. *Ex parte Nelson*, 594 S.W.2d 67, 68 (Tex. Crim. App. 1979); *Ex parte Bunch*, 519 S.W.2d 653, 654 (Tex. Crim. App. 1975).

Appellant first complains that the trial court erred in denying his requested habeas-corpus relief because the evidence failed to show Appellant was the person being sought by the State of New Mexico. Identity is among the four issues that the trial court may review in an application for writ of habeas corpus. *Ex parte Potter*, 21 S.W.3d at 294. However, an accused who wishes to raise the issue of identity must deny under oath that he is the person named in the warrant. *Ex parte Scarbrough*, 604 S.W.2d 170, 174 (Tex. Crim. App. 1980); *Ex parte Hearing*, 125 S.W.3d 778, 782 (Tex. App. – Texarkana 2004, no pet.) (quoting *Hanks v. State*, 113 S.W.3d 523, 525 (Tex. App. – Houston [1st Dist.] 2003, no pet.)). Here, Appellant never denied under oath that he was the person named in the warrant. Consequently, as Appellant failed to raise the issue of identity, the trial court did not abuse its discretion in denying Appellant habeas relief upon this basis. *Ex parte Scarbrough*, 604 S.W.2d at 174.

Appellant also complains that the trial court erroneously denied his habeas-corpus relief because the evidence failed to show that he had been present in New Mexico, the demanding State, at the time of the charged offenses, thus casting doubt on his fugitive status. In support thereof, Appellant notes that the record indicates that he was never arrested in New Mexico. From this alleged fact, Appellant suggests that the evidence was insufficient to show that he was present in New Mexico at the time the charged offenses were committed.

Contrary to his argument, article 51.13, section 3 does not require proof that a person was present in the demanding State at the time of the charged offense but, rather, requires an allegation of his presence in the demanding State at that time. TEX. CODE CRIM. PROC. ANN. art. 51.13, § 3 (Vernon 2006) ("No demand for the extradition of a person charged with crime in another State shall be recognized by the Governor unless in writing, alleging . . . that the accused was present in the

demanding State at the time of the commission of the alleged crime . . . .").[1]  The trial court was neither required nor authorized to determine whether Appellant was in the demanding State at the time of the offense in order to establish that Appellant was a fugitive from justice.  *Rayburn v. State*, 748 S.W.2d 285, 289 (Tex. App. – Tyler 1988, no pet.) (if the requisition alleges accused was present in demanding State at the time the offense was committed and thereafter flees, and if the requisition is otherwise sufficient, the governor of the asylum state must issue the executive warrant and a habeas trial court is not permitted to make a factual inquiry as to the truth of the allegations made in the requisition).  Moreover, had Appellant offered testimony or evidence regarding his whereabouts on the date of the commission of the charged offenses, such would have been inadmissible because it is only relevant to the issue of his guilt or innocence, which is triable only in the courts of the demanding State.  *Id.*  Because the trial court was neither required nor authorized to determine that Appellant was in New Mexico at the time the charged offenses occurred, Appellant's contention is without merit.  *Id.*

Finding that the trial court did not commit error, Appellant's issue is overruled.

## CONCLUSION

---

[1]  Governor Richardson's extradition request provided:

> WHEREAS, It appears from the annexed applications for requisition and copies of Bench Warrant, Grand Jury Indictment, Fingerprints and Photograph . . . that Humberto Camarillo Jr. stands charged with the crime[s] of Aggravated Burglary (Armed After Entering), Larceny (Firearm), Larceny (Over $500) and Possession of a Firearm or Destructive Device by a Felon committed in this State, and it having been represented and satisfactorily shown to me that [Appellant] *was present in this State at the time of commission of said crime* and thereafter fled from the justice of this State, and has taken refuge in the State of Texas [,]

> NOW, THEREFORE, Pursuant to the provisions of the Constitution and laws of the United States, in such cases made and provided, I do hereby respectfully demand that the said fugitive be apprehended and delivered to Dona Ana County Sheriff Todd Grarrison and/or designee, as agent, who is hereby authorized to receive and convey said fugitive to the State of New Mexico, here to be dealt with according to law.  (Emphasis added).

We affirm the trial court's denial of Appellant's petition for writ of habeas corpus.


GUADALUPE RIVERA, Justice

July 14, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)