**Ex Parte Orison F. McDONALD, II and Herbert Darrell Bomar Relators.**

**No. 2–82–017–CR to 2–82–019–CR.**

Court of Appeals of Texas,
Fort Worth.

March 24, 1982.

Rehearing Denied April 21, 1982.

Discretionary Review Refused
June 16, 1982.

The Wesbrooks-Yandell Firm, P. C. and Perry Wesbrooks, Greg Merkle, Wichita Falls, for appellants.

Timothy D. Eyssen, Dist. Atty., Wichita Falls, for appellees.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

On the 31st day of March, 1981, appellants were arrested on fugitive warrants based upon complaints filed in the State of Minnesota. An initial Writ of Habeas Corpus was filed on behalf of each appellant in No. 116,534–B. On the 16th day of October, 1981, Governor's warrants were handed down by the Governor of the State of Texas for the extradition of the appellants to the State of Minnesota. On October 23, 1981, appellants were arrested and a Petition for Writ of Habeas Corpus was filed on behalf of appellant McDonald as No. 117,895–B and on behalf of appellant Bomar as No. 117,896–B in the 78th District Court of Wichita County, Texas. The Court consolidated such writs in No. 117,896–B. A hearing thereon was held on the 11th day of December, 1981, and the trial court entered its judgment on the 11th day of January, 1982. In that judgment, the trial court denied the habeas corpus relief sought by the appellants and ordered them extradited to the State of Minnesota. From this extradition judgment, these appeals have been taken.

We affirm the judgment of the trial court.

By their grounds of error numbered 1, 2, 3, 4, and 13, appellants complain that the trial court erred in denying habeas corpus relief and ordering extradition in light of evidence adduced which they contend shows that extradition was brought to aid the enforcement of a private claim, the collection of a debt, the gratification of personal malice and/or for purely private interests.

At the threshold, we note that the United States Supreme Court in *Michigan v. Doran*, 439 U.S. 282 (1978), at page 289, 99 S.Ct. 530, at page 535, 58 L.Ed.2d 521, held that:

> Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.

We are constrained to hold that this holding circumscribes and limits our scope of review. The case of *Ex parte Hatfield*, 90 Tex.Cr.R. 293, 235 S.W. 591 (1921) stands for the proposition that inquiry into the motive for the extradition proceeding cannot be considered. Nevertheless, later cases indicate that inquiry into the motive for the extradition proceedings is permitted in a habeas corpus proceeding attacking extradition. *Ex parte Seffens*, 376 S.W.2d 348 (Tex.Cr.App.1964) and *Ex parte Bradley*, 456 S.W.2d 370 (Tex.Cr.App.1970). We are not directed to any cases, and indeed we find none, decided subsequent to *Michigan v. Doran, supra*, that would permit inquiry into the motive for the extradition proceedings. Grounds of error 1, 2, 3, 4, and 13 are overruled.

■ By grounds of error numbered 5 and 12 appellants complain that the trial court erred in denying habeas corpus relief for the reason that they were denied a speedy trial on the extradition request. Again we are not directed to any cases holding that the Texas Speedy Trial Act is applicable to extradition proceedings. We feel justified in holding that the Act is not applicable. Cf. *Gill v. State*, 593 S.W.2d 697 (Tex.Cr. App.1980). Grounds of error 5 and 12 are overruled.

By ground of error number 6, appellants urge that the trial court erred in denying habeas corpus relief because "the Governor's warrant and the documents supporting the Governor's warrant were insufficient on their face to establish that a judicial determination of probable cause was made in Minnesota." We disagree.

■ The documents relating to extradition are to be found in State's Exhibits, RES–1 (relating to Bomar) and RES–2 (relating to McDonald). Each contains a "complaint" signed by one Gary A. LaVasseur charging the appellants with one or more offenses of securities violations under the laws of Minnesota. Each complaint is seven pages in length, signed before a magistrate of the State of Minnesota. On page seven of each "complaint", the Minnesota magistrate makes a finding of probable cause. Ground of error number 6 is overruled.

■ By ground of error number seven, appellants urge that the trial court erred in refusing to grant habeas corpus relief because the "complaint" on which the extradition proceedings are brought are based on the complainant's information and belief. This is sufficient. *Ex parte Harris*, 389 S.W.2d 668 (Tex.Cr.App.1965). Ground of error seven is overruled.

By ground of error number eight, appellants urge that the trial court erred in denying habeas corpus relief and in ordering extradition because the State failed to identify the appellants as the persons sought for extradition by the demanding state.

■ The learned trial judge in his judgment entered on January 11, 1982, held:

> The Court then considered the relator's motion to quash the Governor's warrant for reason of improper identity, and having considered the evidence finds the relators herein are duly and properly identified both by name or idem sonans and by pictures in the accompanying papers with such warrant and by relators' own testimony, and such motion is hereby denied.

We hold that the record, as a whole, which we have carefully reviewed, supports these findings of the trial court relative to identity. Ground of error number eight is overruled.

In their ground of error number nine, appellants contend that the trial court erred in denying appellants' Special Plea in Bar because extradition of the appellants would constitute "double jeopardy". We disagree. There can be no jeopardy in a criminal action until a jury is empaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). This has not occurred in either Texas or Minnesota. Ground of error number nine is overruled.

By ground of error number ten, appellants contend that the trial court erred in refusing to admit into evidence and in sustaining a State's objection to a tape recording (and/or transcript thereof) of appellant Bomar's conversation with one Lee Heutmaker in support of their "private claims" motions. Our discussion and holding on grounds of error numbers 1, 2, 3, 4, and 13 dispose of this ground of error, which is overruled.

In their ground of error number 11, appellants contend that the trial court erred in granting extradition and in denying habeas corpus relief in that appellants were restrained of their liberty from March 13, 1981, until August 31, 1981, on the "basis of a fugitive warrant and no Governor's warrant ..." Again we are referred to no case law relative to this issue. However, the record does not reflect that either appellant was "restrained of his liberty". Ground of error number eleven is overruled.

Finally, appellants urge that the trial court erred in admitting the Governor's warrant and its supporting documents "because they were insufficient as a matter of form substance to contain the necessary requisites to sustain" the appellants' extradition.

V.A.C.C.P. art. 51.13, § 3, provides in pertinent part:

> No demand for extradition of a person charged with crime in another State shall be recognized by the Governor unless in writing ... and accompanied ... by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon ...

We have discussed generally, the documents relative to extradition under ground of error number six above. The main document which we referred to as "complaint", signed before a Minnesota magistrate, is an affidavit and it contains a warrant which issued thereupon signed by such magistrate. Ground of error number fourteen is overruled.

The judgment of the trial court is affirmed.