Gregory Ross **MOBERG**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–87–741–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 3, 1987.

Brian W. Wice, Houston, for appellant.

Roe Morris, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from the denial of a writ of habeas corpus. Pursuant to the order of the district court, appellant was remanded to custody for extradition to the State of Alabama in connection with convictions in that state for the offenses of robbery, assault with intent to commit murder, and violations of the Alabama Uniform Controlled Substances Act. It is alleged that appellant escaped from the custody of penal authorities in Alabama and that he is presently in this state as a fugitive from justice.

On appeal appellant raises one point of error, arguing that the court below erred in finding that the papers admitted in support of extradition were properly certified and authenticated, as required under article 51.-13, § 3, TEX CRIM.PROC.ANN. More specifically, appellant contends the state's exhibits failed to contain

either a copy of an indictment, an information supported by an affidavit, a warrant supported by an affidavit or a copy of the judgment of conviction or sentence imposed.

In addition, appellant complains there is no seal of certification on certain records of Betty H. Taylor, the Director and Custodian of Inmate Records for the Alabama Department of Corrections. Finally, appellant says the Transcript of Minutes which forms a part of the record is not sufficient to meet the requirements of article 51.13.

■ The role of the courts in this state, as the asylum state for an alleged fugitive from justice from another state, is a limited one. As the United States Supreme Court said with regard to the subject, "A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met." *Michigan v. Doran*, 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978). The same court went on to say,

Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. *Id.*

Appellant no longer contends there is a question of identity. The only remaining contentions center on the prima facie case made by the state through its exhibits.

■ Although appellant raises questions about the sufficiency of the documents supporting the demand for extradition in this case, it appears that they more than satisfy the requirements of article 51.13, § 3, TEX. CRIM.PROC.CODE ANN. The requirements of that article are stated in the disjunctive, which means only one of the stated documents is sufficient to satisfy the statute. *Ex parte Mason*, 656 S.W.2d 470, 471 (Tex.Crim.App.1983). Yet, the supporting documents provided by Alabama contain a fugitive warrant and indictments and arrest warrants for appellant for three different charges. These are sufficient on their face to meet the requisites of article 51.13. It is unnecessary for the court to reach the question of whether the two "Transcripts of Minutes" which form a part of the exhibits, and which reflect judgments against appellant for assault with intent to murder and robbery are properly judgments of conviction, since the requirements of the statute are otherwise met.

■ Appellant's remaining contention, that there is no seal of certification on records of Betty H. Taylor, the Director and Custodian of Inmate Records for the Alabama Department of Corrections, is also without merit. As the Texas Court of Criminal Appeals has said, where the certification accompanying a demand for extradition is signed by the governor and secretary of state and bears the great seal of the demanding state, that is sufficient to authenticate all the supporting papers. *Ex parte Reagan*, 549 S.W.2d 204, 205 (Tex.

Crim.App.1977). Appellant's point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.