**Ex parte Jose Arnulfo GOMEZ, Jr., A/K/A Joseph A. Gomez.**

**No. 13-92-543-CR.**

Court of Appeals of Texas, Corpus Christi.

April 22, 1993.

Discretionary Review Refused June 23, 1993.

Joseph A. Connors, III, Christopher L. Castanon, McAllen, for appellant.

Theodore C. Hake, Cynthia A. Morales, Asst. Crim. Dist. Attys., Rene Guerra, Dist. & County Atty., Edinburg, for the State.

Before NYE, C.J., and DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

Jose Gomez filed an application for writ of habeas corpus challenging his extradition to the State of Kansas. The trial court denied relief, and Gomez appealed. We affirm the trial court's order.

Appellant's arrest was based on a Texas Governor's warrant which states that appellant stands charged with the crime of rape and aggravated criminal sodomy in the State of Kansas. The warrant further states that the Governor of Kansas has demanded appellant's return to that State and that the demand is accompanied by a copy of an affidavit made before a magistrate and a warrant certified by the Governor of Kansas to be authentic.

Appellant's sole contention on appeal is that the trial court should have granted habeas corpus relief because the documents supporting the Governor's Warrant (i.e., the complaint, affidavit, and Kansas warrant) were not certified as authentic by the proper authority in Kansas where the offense was committed. The State responds to appellant's contention by arguing that, as the Kansas Governor has certified the supporting documents to be authentic, no further authentication is required.

The applicable federal extradition statute provides, in part:

Whenever the executive authority of any State or Territory demands any person as a fugitive from justice ... and produces ... an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, *certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled,* the executive authority of the State, District, or Territory to which such person has fled shall cause him to be arrested.... (emphasis ours).

18 U.S.C. § 3182 (West 1985).

The applicable Texas statute provides that a demand for extradition shall not be recognized unless the demand is supported, as relevant here, by a copy of an affidavit or warrant charging a person with a crime "authenticated by the Executive Authority making the demand." Tex.Code Crim.Proc. Ann. art. 51.13, § 3 (Vernon 1979).

Texas courts have consistently held that the demanding governor's certification of authenticity of the supporting documents is all that is necessary. *Ex parte Reagan,* 549 S.W.2d 204, 205 (Tex.Crim.App.1977); *Saenz v. State,* 700 S.W.2d 648, 649 (Tex. App.—Corpus Christi 1985, no pet.); *Ex parte Allen,* 699 S.W.2d 886, 889 (Tex. App.—Dallas 1985, pet. ref'd); *Moberg v. State,* 743 S.W.2d 316, 317 (Tex.App.— Houston [14th Dist.] 1987, no pet.).

The Governor of Kansas, in the request for extradition, refers to the "supporting documents which I hereby certify to be authentic, and duly authenticated according to the laws of the State of Kansas." This certification is sufficient to support the extradition. Appellant's contentions regarding lack of certification are without merit.

The order of the trial court denying habeas corpus relief and ordering appellant's extradition to Kansas is affirmed.