Ex parte Leodegario Vargas
RODRIGUEZ.

No. 13–96–146–CR.

Court of Appeals of Texas,
Corpus Christi.

March 6, 1997.

Richard B. Gould, McAllen, for Appellant.

Rene Guerra, District and County Attorney, Theodore C. Hake, Asst. Criminal District Attorney, Edinburg, for Appellee.

Before FREDERICO G. HINOJOSA, Jr., YAÑEZ and RODRIGUEZ, JJ.

## OPINION

YAÑEZ, Justice.

This is an appeal from a habeas corpus proceeding in which appellant was extradited to Illinois. By two points of error, appellant challenges the sufficiency and authenticity of the supporting documentation for the Governor's warrant ordering his arrest and extradition.[1] We affirm the judgment of the trial court.

A Texas Governor's warrant ordering the arrest of appellant, Leodegario V. Rodriguez, was issued on February 7, 1996. The next day, appellant was arrested in Hidalgo County pursuant to the warrant. Alleging various deficiencies in the documentation supporting the warrant, appellant filed an application for writ of habeas corpus in the 206th District Court in Hidalgo County on February 14, 1996. A hearing on the application was held the next day.

At the hearing, the State offered the Governor's warrant into evidence, which was admitted subject to appellant's objection that the information and supporting affidavit referenced in the demand for extradition from the Governor of Illinois was not attached to the demand, in violation of TEX.CODE CRIM. PROC.ANN. art 51.13, § 3 (Vernon 1979). James W. Creason, State's Attorney for Marion County, Illinois, testified that he was present in Illinois when police officers arrested appellant, that appellant was taken into custody and his residence was searched, and that appellant subsequently pleaded guilty to the charge of possession of cocaine with intent to deliver. Creason also testified that appellant did not appear at the Marion County Jail on May 1, 1995, when his prison sentence was to begin, and that an escape charge was filed against him shortly thereafter. Creason identified appellant as the person against whom this charge was filed.

Appellant offered into evidence what Creason claimed were "certified copies" of the arrest warrant and information. The remainder of the State's supporting documentation ultimately was offered as an exhibit for the defense.[2] Because this documentation supported the demand for extradition, the State had no objection. At the conclusion of the hearing, the judge ordered counsel for both sides to submit trial briefs on the authentication issues raised. On March 14, 1996, the judge denied the application for writ of habeas corpus.

Both of appellant's points of error pertain to the documents that accompanied the demand for extradition. By his first point of error, appellant argues that the documentation allegedly in support of the Governor's warrant was not properly authenticated. Noting that the alleged supporting documents were not stapled to the Governor's warrant, appellant charges that none of the requisite supporting documents enumerated in article 51.13, section 3 actually accompanied the demand for appellant, "and hence, *none* of them [was] authenticated by the Executive Authority, as is required." By his second point of error, appellant complains that the documents allegedly supporting the demand were not independently authenticated. Thus, appellant charges, by application of Rule 902 of the Texas Rules of Criminal

---

1. The Uniform Criminal Extradition Act is codified as Art. 51.13 of the Texas Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 51.13 (Vernon 1979 & Supp.1997).

2. The State initially sought to have the documentation admitted but the defense also wanted it admitted. The judge entered the collection of supporting documents as Defense Exhibit Two.

Evidence, these documents were not properly authenticated under article 51.13, section 3 of the Code of Criminal Procedure.

Article 51.13, section 3 stipulates that, except in cases of persons not in the demanding state at the time of commission of the offense,[3] a demand upon the Texas governor from another state for extradition of a person charged with a crime in that state shall be recognized by the governor only if, in writing, it alleges that the accused was present in the demanding state at the time of the commission of the alleged crime and that thereafter he fled from the state. TEX.CODE CRIM. PROC.ANN. art. 51.13, § 3 (Vernon 1979). The written allegation must be

accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before magistrate there, together with a copy of any warrant which issued thereupon; or by a copy of judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole.

*Id.*

■ It is well-settled that a Governor's warrant regular on its face is sufficient to make a prima facie case authorizing extradition. *Ex parte Moore*, 436 S.W.2d 901, 902 (Tex.Crim.App.1969); *Ex parte Kronhaus*, 410 S.W.2d 442, 443 (Tex.Crim.App.1967); *Ex parte Juarez*, 410 S.W.2d 444, 445 (Tex. Crim.App.1967). If the Governor's warrant is regular on its face, then the petitioner has the burden of proving that the warrant was not legally issued, that it was issued on improper authority, or that the recitals in it are inaccurate. *Ex parte Cain*, 592 S.W.2d 359, 362 (Tex.Crim.App.1980) (on rehearing). The State is not bound to offer any of the supporting papers into evidence, although it may do so. *Id.* The purpose of the requirement that the demand for extradition be accompanied by one of the enumerated set of instruments is to demonstrate that the person whose surrender is sought was charged

in the regular course of the judicial proceedings of the demanding state. *Ex parte Rosenthal*, 515 S.W.2d 114, 119 (Tex.Crim.App. 1974). Hence the prima facie case made by a Governor's warrant regular·on its face may be bolstered or defeated by the supporting documentation, regardless of which party introduces them. *Ex parte Cain*, 592 S.W.2d at 362.

■ The supporting documents enumerated in article 51.13, section 3 have been recognized as being disjunctive; that is, only one of the supporting documents enumerated in the statute must accompany the Governor's warrant. *Noe v. State*, 654 S.W.2d 701, 702 (Tex.Crim.App.), *cert. denied*, 464 U.S. 997, 104 S.Ct. 497, 78 L.Ed.2d 689 (1983). "The copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the Executive Authority making the demand." TEX.CODE CRIM.PROC. ANN. art. 51, § 3 (Vernon 1979). The demanding governor's certification as to the authenticity of the documents has been recognized as sufficient for meeting this requirement. *Ex parte Reagan*, 549 S.W.2d 204, 205 (Tex.Crim.App.1977).

■ In this instant case, the Governor's warrant, State's Exhibit One, is regular on its face. Tracking the requirements of the statute, the warrant stated that the Governor of Illinois had represented that Leodegario V. Rodriguez stood charged with escape in Illinois, that Rodriguez fled from that state and had taken refuge in Texas, and that the Governor of Illinois had requested that Rodriguez be extradited to Illinois. The warrant also properly stated that the representation and demand was accompanied "by a copy of information, supporting affidavit, warrant certified by the Governor of [Illinois] to be authentic, whereby the said fugitive is charged with said crime." The warrant was signed by the Governor of Texas and the Texas Secretary of State and dated February 7, 1996. This warrant therefore constituted a prima facie case for extradition and placed the burden on appellant to demonstrate that it was improperly issued or that its recitals were false.

---

3. In such cases, the procedure is governed by    section 6 of the article.

■ Facing this burden, appellant's contention that none of the supporting documents enumerated in the statute accompanied the demand, especially when the defense knowingly entered the State's supporting documentation into evidence, is not a persuasive, if even coherent, response. Following examination of the record and oral arguments of the parties, nevertheless, this Court ordered that the original exhibits filed in this case in the trial court be made a part of the record on appeal. We may now examine the supporting documentation for the requisite combination of instruments and authentication that would demonstrate sufficiently, under article 51.13, section 3, that appellant had been charged with escape in the regular course of judicial proceedings in Illinois.

While not an exhaustive list of relevant supporting documents on record, the following are now before us:

1. A copy of an information, styled "People of the State of Illinois v. Leodegario V. Rodriguez, Cause No. 95–CF–120," indicating that Leodegario V. Rodriguez, date of birth indicated to be "06/12/68" and described by the notation "M/H, 505, 240, BLK, BRO," failed to report to the Marion County Jail on May 1, 1995, thereby committing the offense of escape, a class two felony under Illinois law. The information was signed and sworn to by the State's Attorney for Marion County on May 2, 1995.

2. A copy of an arrest warrant issued by the presiding judge of the Circuit Court of the Fourth Judicial Circuit, Marion County in Cause No. 95–CF–120, for Leodegario V. Rodriguez, date of birth indicated to be "6/12/68" and described by the notation "M/H, 505, 240, BLK, BRO," pursuant to the charge of escape, a class two felony under Illinois law.

3. A copy of the State's Attorney affidavit regarding Cause No. 95–CF–120, signed and sworn to on December 19, 1995, by which the State Attorney for Marion County explains that Leodegario V. Rodriguez, whose date of birth is indicated to be "12/06/68" and is described with the notation "M/H, 505, 240, BLK, BRO," is described as having failed to report to the

Marion County Jail on May 1, 1995 and that the State's Attorney's office filed an escape charge against Rodriguez.

4. A requisition from the Governor of Illinois to the Governor of Texas, dated January 22, 1996, in which he represents that, by the papers "hereunto annexed," which he certifies to be "duly authenticated in accordance with the Laws of [Illinois], Leodegario V. Rodriguez stands charged by affidavit, probable cause finding, warrant of arrest, and information with the crime of escape, in violation of the laws of Illinois, that appellant committed the offense in Marion County, Illinois while personally present in the State, and that he took refuge in Texas."

■ We recognize that the month and day ascribed as Rodriguez's date of birth in the State's Attorney affidavit is the inverse of what appears on the arrest warrant and information, but as the physical description notations are the same across all of these documents and appellant has not contested identity, we consider the identity of the appellant as the party described to be clear. *See Ex parte Moore*, 436 S.W.2d at 903 (holding that where identity issue was not raised in habeas proceeding, the presumption of identity arising from Governor's warrant is not overcome). We also recognize that where the statute lists the supporting documentation options, it does not expressly allow for a "copy of an information" in the way that allows for a "copy of" an indictment, affidavit, or judgment. But we see no reason why a copy of an information should not be allowed, where a copy of an indictment is. Both are charging instruments, and we find the statute's subsequent requirement of an authenticated copy of the supporting "indictment, information, affidavit ..." dispositive of this matter. We therefore hold that the copy of the information and State's Attorney's affidavit on record properly support the governor's warrant.

■ Whether the copy of the information and supporting affidavit are properly authenticated by the executive authority making the demand is irrelevant, because appellant introduced this supporting documentation, and is nevertheless answered in

the affirmative, because of the letter of authentication from the Governor of Illinois. Rule 902 of the Texas Rules of Criminal Evidence sets out the exceptions for particular public records or documents to extrinsic evidence as a condition precedent to the admissibility of such documents, and appellant argues that the supporting documents do not meet any of these exceptions to the condition precedent requirement. Appellant's objection, however, is without merit, in consideration of the fact that he admitted this documentation into evidence. In terms of the required authentication for extradition documents, moreover, section 3 of article 51.13 requires that the copy of the "information, affidavit, judgment of conviction or sentence" be authenticated "by the Executive Authority making the demand," not by Texas law or by the Texas Governor. The letter from the Governor of Illinois, which was not challenged for what it purports to be, certified the annexed supporting documentation to be "duly authenticated in accordance with the Laws of [Illinois]" and thereby provided the requisite authentication from the executive authority of the demanding state to the supporting documentation. *Cf. Ex parte Gomez,* 855 S.W.2d 42, 43 (Tex.App.—Corpus Christi 1993, pet. ref'd, untimely filed) (finding the Kansas Governor's express certification that the supporting laws are authentic under the laws of Kansas sufficient to support the extradition). Accordingly, we hold that documentation in support of the Governor's warrant was properly authenticated, and that the trial court did not err in ordering extradition of appellant. Points of error one and two are overruled.

Accordingly, the judgment of the trial court is affirmed.