r03197andr03198

















NUMBERS 13-03-197-CR & 13-03-198-CR 

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

PATRICIA J. STENSHOEL AND 
LARRY MAYNARD STENSHOEL,                                      Appellants,

v.
 
THE STATE OF TEXAS,                                            Appellee.

                                                                                                                                                            
 
On appeal from the 139th District Court of Hidalgo County, Texas.
                                                                                                                                              


MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Yañez and Castillo
Opinion by Justice Yañez
 

          This is a consolidation of two appeals from a single habeas corpus proceeding in
which appellants, Patricia J. Stenshoel and Larry Stenshoel,


 were ordered extradited to
California. By three issues, appellants contend: (1) the extradition warrants are defective
because neither the requisition papers nor the charging instruments are supported by
affidavit; (2) the trial court improperly ordered extradition on charges that do not allege an
offense under Texas law; and (3) the record contains no proof appellants were
“substantially charged with a crime” in California because Texas does not allow prosecution
of a felony without an indictment. We affirm the trial court’s orders denying appellants’
petitions for writ of habeas corpus and authorizing extradition. 
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of the court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4.
          In each case, the record contains the trial court’s certification that the case is not 
a plea-bargain case and the defendant has the right of appeal. See Tex. R. App. P.
25.2(a)(2). 
          Texas Governor’s Warrants ordering the arrest of appellants were issued following
California extradition requests charging appellants with felony violations of California state
income and sales tax laws. Appellants filed petitions for writ of habeas corpus challenging
extradition based on the Governor’s Warrants. The trial court conducted a habeas corpus
hearing and denied the petitions. These appeals followed.
Applicable Law
          If the governor has signed a governor’s warrant granting extradition, a trial court
entertaining an application for writ of habeas corpus may decide only four issues: (1)
whether the extradition documents are facially in order; (2) whether the applicant has been
charged with a crime in the demanding state; (3) whether the applicant is the person
named in the demand for extradition; and (4) whether the applicant is a fugitive. Ex parte
Potter, 21 S.W.3d 290, 294 (Tex. Crim. App. 2000). Additionally, an accused may raise
the issue of his mental competency to consult with counsel. Id. at 296. 
          A governor's warrant which is regular on its face is sufficient to make a prima facie
case authorizing extradition. Ex parte Kronhaus, 410 S.W.2d 442, 443 (Tex. Crim. App.
1969); Ex parte Rodriguez, 943 S.W.2d 97, 99 (Tex. App.–Corpus Christi 1997, no pet.). 
Once the governor's warrant is shown to be regular on its face, the burden shifts to the
petitioner to show that: (1) the warrant was not legally issued; (2) it was issued on improper
authority; or (3) the recitals in it are inaccurate. Ex parte Cain, 592 S.W.2d 359, 362 (Tex.
Crim. App. 1980); Rodriguez, 943 S.W.2d at 99.
          Section 3 of article 51.13 of the code of criminal procedure requires that the
extradition request from the demanding state be accompanied by either: (1) a copy of an
indictment; (2) an information supported by an affidavit; (3) an affidavit made before a
magistrate together with a warrant; or (4) a copy of a judgment of conviction or sentence
together with a statement the person has escaped from confinement or broken the terms
of his bail, probation, or parole. Tex. Code Crim. Proc. Ann. art. 51.13, § 3 (Vernon Supp.
2004). The purpose of the requirement that the demand for extradition be accompanied
by one of the enumerated set of instruments is to demonstrate that the person whose
surrender is sought was charged in the regular course of the judicial proceedings of the
demanding state. Ex parte Rosenthal, 515 S.W.2d 114, 119 (Tex. Crim. App. 1974);
Rodriguez, 943 S.W.2d at 99. The supporting documents enumerated in section 3 of
article 51.13 have been recognized as being disjunctive; that is, only one of the supporting
documents enumerated in the statute must accompany the governor's warrant. Noe v.
State, 654 S.W.2d 701, 702 (Tex. Crim. App. 1983).
                                                              Analysis 
          In their first issue, appellants contend the Governor’s Warrants are defective
because neither the requisition papers nor the charging instruments are properly supported
by affidavit. Specifically, appellants contend the applications for requisition are defective
because the statement of the affiant, the Deputy District Attorney of Santa Clara County,
states that the statements in the applications are true on “information and belief.” Similarly,
appellants contend the affidavits supporting the charging instruments lack statements that
the affiant has personal knowledge of the facts sworn to in the affidavits.
          At the habeas hearing, the State introduced the Governor’s Warrants and
supporting documents, which include, in each case, an application for requisition, copies
of an amended felony complaint with a finding of probable cause by a judge, and an arrest
warrant signed by a judge. Where a complaint or affidavit is positive in its terms and
substantially charges a crime, its sufficiency may not be impeached in an extradition case
by proof that the complainant in fact acted upon information and belief only. Ex parte
Green, 437 S.W.2d 859, 860 (Tex. Crim. App. 1969); Ex parte McClintick, 945 S.W.2d 188,
192 (Tex. App.–San Antonio 1997, no pet.); Ex parte McDonald, 631 S.W.2d 222, 224
(Tex. App.–Fort Worth 1982, pet. ref’d) (affidavit made on information and belief is
sufficient). We overrule appellants’ first issue.
          In their second issue, appellants contend the trial court improperly ordered
extradition on charges that do not constitute offenses under Texas law. Specifically,
appellants complain that the photocopies of the applicable California law on which
extradition was based were unauthenticated because such authentication was on
“information and belief.” Absent proper proof of California law, appellants argue, the law
of California is presumed to be the same as that of Texas. Appellants further argue that
because Texas has no analogous statutes regarding failure to pay state income tax or
collection of state sales tax, the State failed to prove appellants were “substantially charged
with a crime” sufficient to support extradition. 
           The record reflects that appellants are charged in California with willfully making
and subscribing a false tax return under penalty of perjury, the failure to file sales tax
returns with the intent to evade the tax, and grand theft of personal property of a value over
four hundred dollars. The documents submitted in support of the Governor’s Warrants
include copies of applicable California law. The extradition requests and “supporting
documents,” including the copies of applicable statutes, are authenticated by the then-Governor of California, Gray Davis. We have already rejected appellants’ argument that
the affidavit supporting the requisition papers is defective because it is based on
“information and belief.” See Ex parte McDonald, 631 S.W.2d at 224. Thus, we find
appellants’ claim (based on the same argument) that the copies of California statutes are
“unauthenticated” to be similarly without merit. We overrule appellants’ second issue.
          In their third issue, appellants contend that the record contains no proof they were
“substantially charged with a crime” in California because Texas does not allow prosecution
of a felony without an indictment. Like their argument in support of their second issue,
appellants’ contention in their third issue is based on the argument that without proper
proof of California law, California law is presumed to be the same as Texas law. For the
reasons stated above, we again find appellants’ arguments to be without merit. 
           Here, the California Governor’s requisition reflects that appellants are charged with
the specified offenses. The documents supporting the charged offenses include amended
felony complaints with a finding of probable cause by a judge and the arrest warrants
signed by a judge. These documents demonstrate that appellants were substantially
charged as required by section 3 of article 51.13 of the code of criminal procedure. See
Tex. Code Crim. Proc. Ann. art. 51.13, § 3 (Vernon Supp. 2004); see also Ex parte
Rosenthal, 515 S.W.2d at 119. We overrule appellants’ third issue.
          We hold that the Governor’s Warrants in both cases are regular on their faces. 
Appellants failed to establish that the warrants were not legally issued, that they were
issued on improper authority, or that the recitals in the warrants were inaccurate. See Ex
parte Cain, 592 S.W.2d at 362. 
          Accordingly, we AFFIRM the trial court’s denial of appellants’ petitions for writ of
habeas corpus. 
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice


Do not publish. Tex. R. App. P. 47.2(b).
Opinion delivered and filed this the
17th day of June, 2004.