NUMBER 13-04-334-CR
 


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


EX PARTE: FRANK TRISTAN CASTANEDA 


 
 

On appeal from the 404th District Court of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Garza


Memorandum Opinion by Justice Yañez


 

 Appellant, Frank Tristan Castaneda, appeals from the trial court's order denying his 
petition for writ of habeas corpus and ordering his extradition to Florida. By two issues,
appellant contends (1) the demand for his extradition is insufficient because it does not
contain an indictment, and (2) his sworn statement that he was not in the demanding state
on the date of the offense shifts the burden to prove identity to the State. We affirm the
trial court's order denying appellant's petition for writ of habeas corpus and authorizing
extradition. 

Background 


 On April 30, 2004, the trial court held a hearing on appellant's petition for writ of
habeas corpus, by which he challenged the legality of his arrest and extradition. The trial
court found that the Texas Governor's Warrant and supporting documentation presented
by the State met the requirements of the Uniform Criminal Extradition Act. (1) A Texas
Governor's Warrant ordering appellant's arrest was issued following a Florida extradition
request charging appellant with cocaine trafficking. At the April 30, 2004 hearing, the trial
court found that the documents were "sufficient to warrant extradition." (2) This appeal
followed.

Applicable Law


 If the governor has signed a governor's warrant granting extradition, a trial court
entertaining an application for writ of habeas corpus may decide only four issues: (1)
whether the extradition documents are facially in order; (2) whether the applicant has been
charged with a crime in the demanding state; (3) whether the applicant is the person
named in the demand for extradition; and (4) whether the applicant is a fugitive. (3)
Additionally, an accused may raise the issue of his mental competency to consult with
counsel. (4) 

 A governor's warrant which is regular on its face is sufficient to make a prima facie
case authorizing extradition. (5) Once the governor's warrant is shown to be regular on its
face, the burden shifts to the petitioner to show that (1) the warrant was not legally issued,
(2) it was issued on improper authority, or (3) the recitals in it are inaccurate. (6) 

 Section 3 of article 51.13 of the code of criminal procedure requires that the
extradition request from the demanding state be accompanied by either (1) a copy of an
indictment, (2) an information supported by an affidavit, (3) an affidavit made before a
magistrate together with a warrant, or (4) a copy of a judgment of conviction or sentence
together with a statement the person has escaped from confinement or broken the terms
of his bail, probation, or parole. (7) The purpose of the requirement that the demand for
extradition be accompanied by one of the enumerated set of instruments is to demonstrate
that the person whose surrender is sought was charged in the regular course of the judicial
proceedings of the demanding state. (8) The supporting documents enumerated in section
3 of article 51.13 have been recognized as being disjunctive; that is, only one of the
supporting documents enumerated in the statute must accompany the governor's warrant. (9)

 Analysis 


 In his first issue, appellant contends that the demand for extradition is insufficient
because it fails to include a copy of the indictment. The State responds that the absence
of an indictment does not render the demand insufficient because only one of the
supporting documents listed in article 51.13 section 3 must accompany the governor's
warrant. We agree with the State.

 As noted above, only one of the supporting documents enumerated in the statute
must accompany the governor's warrant. (10) At the habeas hearing, the State introduced the
governor's warrant and supporting documents, which include a copy of an information, a
supporting affidavit, and a warrant for appellant's arrest, in accordance with article 51.13
section 3 requirements. (11) The sufficiency of the indictment, information or affidavit as a
criminal pleading is not at issue in the asylum state. (12) We conclude that the governor's
warrant was regular on its face and sufficient to make out a prima facie case authorizing
extradition. (13) We also conclude appellant failed to show that the governor's warrant was
issued illegally, issued on improper authority, or contained inaccurate recitals. (14) We
overrule appellant's first issue.

 In his second issue, appellant contends that his "sworn statement that he was not
in the demanding state on the date of the offense amounts to a sworn denial of identity." 
The State argues that appellant's sworn statement was insufficient to raise the issue of
identity. We agree with the State.

 To raise the issue of identity, an accused must deny under oath that he is the
person named in the warrant. (15) Here, appellant did not deny under oath that he was the
person named in the warrant, but testified only that he had never been in Hillsborough
County, Florida. Moreover, at the extradition hearing, appellant admitted he was the
person in the booking photograph included in the documents supporting the governor's
warrant. We overrule appellant's second issue. 

 We affirm the trial court's denial of appellant's petition for writ of habeas corpus. 
 

 

 LINDA REYNA YAÑEZ,

 Justice




Do not publish. Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 10th day of August, 2006.
1. See Tex. Code Crim. Proc. Ann. art. 51.13 (Vernon Supp. 2005).
2. The trial court's written order denying appellant's petition for writ of habeas corpus is dated August
9, 2005. It states that it is "belatedly entered to memorialize the oral ruling of this Court [on April 30, 2004]."
3. Ex parte Potter, 21 S.W.3d 290, 294 (Tex. Crim. App. 2000). 
4. Id. at 296. 
5. Ex parte Kronhaus, 410 S.W.2d 442, 443 (Tex. Crim. App. 1969); Ex parte Rodriguez, 943 S.W.2d
97, 99 (Tex. App.-Corpus Christi 1997, no pet.). 
6. Ex parte Cain, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980); Rodriguez, 943 S.W.2d at 99.
7. Tex. Code Crim. Proc. Ann. art. 51.13, § 3 (Vernon Supp. 2005). 
8. Ex parte Rosenthal, 515 S.W.2d 114, 119 (Tex. Crim. App. 1974); Rodriguez, 943 S.W.2d at 99. 
9. Noe v. State, 654 S.W.2d 701, 702 (Tex. Crim. App. 1983).
10. Id. 
11. Tex. Code Crim. Proc. Ann. art. 51.13, § 3.
12. Ex parte Rosenthal, 515 S.W.2d at 119. 
13. See Kronhaus, 410 S.W.2d at 443; Rodriguez, 943 S.W.2d at 99.
14. See Cain, 592 S.W.2d at 362; Rodriguez, 943 S.W.2d at 99.
15. Ex parte Hearing, 125 S.W.3d 778, 782 (Tex. App.-Texarkana 2004, no pet.) (quoting Hanks v.
State, 113 S.W.523, 525 (Tex. App.-Houston [1st Dist.] 2003, no pet.)).