NUMBER 13-03-711-CR
 


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


EX PARTE: FELIPE GUTIERREZ, JR. 


 
 

On appeal from the 139th District Court of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Garza


Memorandum Opinion by Justice Yañez


 

 Appellant, Felipe Gutierrez, Jr., appeals from the trial court's order denying his 
petition for writ of habeas corpus and ordering his extradition to Ohio. By a single issue,
appellant contends he was denied effective assistance of counsel in the presentation of
his petition because (1) counsel failed to properly raise the issue of identity and (2) no
hearing was held to contest the governor's warrant for extradition. We affirm the trial
court's order denying appellant's petition for writ of habeas corpus and authorizing
extradition. 

Background 


 A Texas Governor's Warrant ordering appellant's arrest was issued following an
extradition request from Ohio charging appellant with complicity in drug trafficking. On or
about August 20, 2003, (1) appellant filed a petition for writ of habeas corpus challenging his
arrest and extradition to Ohio pursuant to the Uniform Criminal Extradition Act ("the Act") (2)
on grounds of identity. On August 25, 2003, the trial court held a hearing on appellant's
petition for writ of habeas corpus. (3) The trial court found that the Texas Governor's Warrant
and supporting documentation presented by the State met the requirements of the Act,
denied appellant's writ of habeas corpus, and ordered his extradition to Ohio. (4) Following
a hearing on September 10, 2003, the trial court set a $10,000 appeal bond and ordered
electronic monitoring of appellant. This appeal followed.

Applicable Law


 If the governor has signed a governor's warrant granting extradition, a trial court
entertaining an application for writ of habeas corpus may decide only four issues: (1)
whether the extradition documents are facially in order; (2) whether the applicant has been
charged with a crime in the demanding state; (3) whether the applicant is the person
named in the demand for extradition; and (4) whether the applicant is a fugitive. (5)
Additionally, an accused may raise the issue of his mental competency to consult with
counsel. (6) 

 A governor's warrant which is regular on its face is sufficient to make a prima facie
case authorizing extradition. (7) Once the governor's warrant is shown to be regular on its
face, the burden shifts to the petitioner to show that (1) the warrant was not legally issued,
(2) it was issued on improper authority, or (3) the recitals in it are inaccurate. (8) 

 In order to prevail on a claim of ineffective assistance of counsel, appellant must
show by a preponderance of the evidence that (1) trial counsel's performance was deficient
in that it fell below the prevailing professional norms, and (2) the deficiency prejudiced
appellant and but for the deficiency, a reasonable probability exists that the result of the
proceeding would have been different. (9) A reasonable probability is a probability sufficient
to undermine confidence in the outcome. (10) 

 The determination regarding whether a defendant received effective assistance of
counsel must be made according to the facts of each case. (11) An appellate court looks to
the totality of the representation and the particular circumstances of the case in evaluating
the effectiveness. (12) 

 There is a strong presumption that counsel's conduct fell within the wide range of
reasonable professional assistance. (13) To defeat the presumption of reasonable
professional assistance, "any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness." (14) In
most cases, a silent record that provides no explanation for counsel's actions will not
overcome the strong presumption of reasonable assistance. (15) 

 Analysis 


 Appellant contends his counsel was ineffective because he "failed to properly place
the issue of identity before the Court" and because no extradition hearing was conducted. 
Specifically, appellant contends his writ of habeas corpus was not verified and failed to
contain an affidavit challenging identity. We consider appellant's contentions together.

 Although appellant contends his counsel was ineffective for "fail[ure] to request or
insist on a hearing to contest the extradition/governor's warrant," the record reflects
otherwise. At the August 25, 2003 hearing before the Honorable Leticia Hinojosa,
appellant's counsel told the court:

Actually, Judge, we have already had this hearing before Judge Homer
Salinas, then had it reset, the case was heard Friday of last week [August
22, 2003], Judge, and then the court pulled the file and brought it up over
here.

 Judge, previously, I had filed a Writ of Habeas Corpus contesting the
Governor's Warrant and, of course, at this point the court would either grant
or deny my writ. 


 The parties then discussed the charges against appellant and issues relating to an
appeal bond. Shortly thereafter, the following exchange occurred:

[Appellant's counsel]: He's [appellant] been in custody for 19 days and he
was served the Governor's Warrant the last time we were in court- 


[State]: I don't know.


[Appellant's counsel]: -- 10 or 12 days ago and-- at this point the only thing
I had left was to file my Application for Writ of Habeas Corpus which I did
basically stating one of the four procedural grounds is that he's not the
defendant that they're seeking.


[Court]: Well, then isn't it your burden to show.


[Counsel]: Well, may we approach, Judge?


(At the bench, off the record)


[Court]: Motion is denied and we'll set it for hearing in 11 days for a - 11
days and at that time I'll decide whether to grant an appeal bond.


[State]: Thank you, Judge. 


[Counsel]: Thank you, Judge. Appreciate it.


[Bailiff]: Motion denied?


[Court]: Motion denied. (Emphasis added) 


 The clerk's record contains an "Order Denying Writ of Habeas Corpus and
Authorizing Extradition" dated August 25, 2003, signed by Judge Leticia Hinojosa. It states
that a hearing was held on appellant's petition for habeas corpus, that appellant and his
counsel were present, and that the requisites of the Act have been met. It orders appellant
to be extradited to Ohio, but notes "after Sept. 9, 2003 unless appeal bond granted." As
noted, the trial court granted a $10,000 appeal bond and ordered electronic monitoring on 
September 10, 2003. 

 We conclude that although the record is unclear as to what occurred on August 22,
2003, before Judge Homer Salinas, (16) it unequivocally reflects that a hearing on appellant's
petition for writ of habeas corpus was held on August 25, 2003. 

 To raise the issue of identity, an accused must deny under oath that he is the
person named in the warrant. (17) As outlined above, after appellant's counsel told the trial
court that he raised the issue of identity in his writ of habeas corpus, an unrecorded bench
conference occurred; immediately thereafter, the trial court denied appellant's "motion."

 We will sustain a charge of ineffective assistance of counsel only if the record
proves counsel was ineffective. (18) Here, the record does not contain an explanation for why
an unrecorded bench conference was held or what was discussed by the parties. 
Appellant has failed to meet the second prong of Strickland: that but for his counsel's
alleged ineffectiveness, the result of the proceeding would have been different. (19) 

 We overrule appellant's sole issue and affirm the trial court's denial of appellant's
petition for writ of habeas corpus. 

 

 LINDA REYNA YAÑEZ,

 Justice



Do not publish. Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed 

this the 17th day of August, 2006.
1. Although the record contains appellant's petition for writ of habeas corpus, the file-date stamp is
illegible. 
2. See Tex. Code Crim. Proc. Ann. art. 51.13 (Vernon Supp. 2005).
3. See id. § 10. 
4. See id. § 3.
5. Ex parte Potter, 21 S.W.3d 290, 294 (Tex. Crim. App. 2000). 
6. Id. at 296. 
7. Ex parte Kronhaus, 410 S.W.2d 442, 443 (Tex. Crim. App. 1969); Ex parte Rodriguez, 943 S.W.2d
97, 99 (Tex. App.-Corpus Christi 1997, no pet.). 
8. Ex parte Cain, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980); Rodriguez, 943 S.W.2d at 99.
9. See Strickland v. Washington, 466 U.S. 668, 687 (1980). 
10. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).
11. See id. at 813. 
12. Id.
13. See Davis v. State, 930 S.W.2d 765, 767 (Tex. App.-Houston [1st Dist.] 1996, pet. ref'd). 
14. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). 
15. See Thompson, 9 S.W.3d at 813-14. 
16. At a status hearing ordered by this Court on February 10, 2005, appellant's appellate counsel
advised the trial court that "there may be one other transcript that we cannot track down from Judge Homer
Salinas."
17. Ex parte Hearing, 125 S.W.3d 778, 782 (Tex. App.-Texarkana 2004, no pet.) (quoting Hanks v.
State, 113 S.W.523, 525 (Tex. App.-Houston [1st Dist.] 2003, no pet.)). 
18. See McFarland, 928 S.W.2d at 500.
19. See Strickland, 466 U.S. at 687, 694.